**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,

v.

THE CITY OF MARION, ARKANSAS,

              Defendant.

Civil Action No. 09-CV-00073
Judge Susan Webber Wright

**SETTLEMENT AGREEMENT**

This action was brought by the United States against the City of Marion, Arkansas (the "City") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission (the "EEOC") of a charge of discrimination filed by Stacy D. Allen ("Mr. Allen") (Charge No. 493-2007-02080). This Court has jurisdiction of the action under 42 U.S.C.§ 2000e-5(f) and 28 U.S.C. § 1345.

In its complaint, the United States alleges that the City, in its Police Department (the "MPD"), discriminated against Mr. Allen in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), by denying to him full-time patrol officer positions that were filled on or about May 21, 2007 and July 23, 2007, respectively; and by failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Mr. Allen.

The City denies that it has discriminated against Mr. Allen in violation of Title VII, and is entering into this Settlement Agreement only to avoid the costs of litigation to the citizens of Marion.  The United States and the City, desiring that this action be settled and without the burden of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action.  The parties also hereby waive, for purposes of entry of this Settlement Agreement only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Settlement Agreement as final and binding between them with regard to the issues raised in the United States' complaint in this case.

In resolution of this action, the parties hereby AGREE and the Court expressly APPROVES, ENTERS and ORDERS the following:

## NON-ADMISSION

1.      This Settlement Agreement, being entered into with the consent of the United States and the City, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the City or a finding of any wrongdoing or violation of any applicable federal law or regulation.  The City does not admit liability to the United States or to Stacy Allen for any of the claims alleged, or that could have been alleged, in the complaint in this action.

## GENERAL RELIEF

2.      The City, its employees, supervisors, agents and all individuals in active concert or participation with it, shall not discriminate against, or in any way adversely affect the terms and conditions of employment of any person employed, or who applies for employment, in the MPD because of that person's race.

3.      The City shall, within thirty (30) days from the date of entry of this Settlement

Agreement, adopt and disseminate written policies and procedures that protect against

discrimination on the basis of race in the MPD, and state that it is an Equal Opportunity

Employer.

4.      The City shall provide the United States with a copy of the adopted policies and

procedures, referenced in Paragraph 3, within ten (10) days of their adoption by the City.

## SPECIFIC RELIEF FOR STACY D. ALLEN

5.      Without admitting the allegations of the United States as set forth in its Complaint and in

settlement of the claims of the United States for relief on behalf of Stacy D. Allen, as well as in

settlement of the claims of Mr. Allen who by his signature to the attached Release has agreed to

accept the relief, the City shall to do the following:

  a.  Within ten (10) days of the date of entry of this Settlement Agreement, the City

    shall pay to Mr. Allen a monetary award in the amount of $16,000.00, which

    includes $13,750.00 in compensatory damages and $2,250.00 in back pay.  To

    obtain this relief, Mr. Allen has executed a release, a copy of which is attached.

    The City shall withhold all employee tax withholdings and employee

    contributions associated with the amounts paid to Mr. Allen that are attributable

    to back pay ($2,250.00) as required by law, which the City timely shall pay to the

    appropriate governmental agencies on behalf of Mr. Allen.  The City shall also

    separately pay to the appropriate governmental agencies the appropriate

    employer's contribution due on the $2,250.00 back pay portion of the total

    monetary award.  The employer's contribution, paid on Mr. Allen's behalf, shall

not be deducted from any part of the monetary award to Mr. Allen.  The City shall provide Mr. Allen with appropriate IRS forms with respect to his monetary award in the time frame required by law.

b.      The City shall provide the United States with a copy of the documentation of having paid Mr Allen the monetary award set forth in paragraph 5(a) above, by sending the United States a copy of the check, within ten (10) days of payment to Mr. Allen, to the address referenced in paragraph 11, below.

## RETENTION OF JURISDICTION

6.      The Court shall retain jurisdiction of this action until its dismissal in accordance with paragraph 7, below, and shall have all available equitable powers to enforce this Settlement Agreement.  The parties shall attempt to resolve informally any dispute that may arise under this Settlement Agreement prior to seeking Court intervention.

## DISMISSAL

7.      Within thirty (30) days of the full and complete satisfaction of the requirements set forth in this Settlement Agreement, the United States and the City shall jointly move the Court for an order dismissing this action with prejudice.

## GENERAL PROVISIONS

8.      The parties shall bear their own costs in this action, including attorneys' fees, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise under this Settlement Agreement and require resolution by the Court.

9.      If any provision of this Settlement Agreement is found to be unlawful, only the specific

provision in question shall be affected and the other provisions will remain in full force and effect.

10.     A signatory to this document in a representative capacity for either party represents that he or she is authorized to bind that party to this Settlement Agreement.

11.     All documents required to be delivered under this Settlement Agreement to the United States shall be sent by overnight mail to the attention of:

Chief
Employment Litigation Section
U.S. Department of Justice
Civil Rights Division
601 D Street, NW, Room 4040
PHB, Fourth Floor
Washington, DC  20579

12.     All documents required to be delivered to the City under this Settlement Agreement shall be sent by overnight mail to the attention of:

Geoffrey Thompson, Esquire
Arkansas Municipal League
301 West Second Street
North Little Rock, AR  72114

13.     This Settlement Agreement constitutes the entire agreement and commitments of the Parties.  Any modifications to this Settlement Agreement must be mutually agreed upon and memorialized in writing signed by the United States and the City.

14.     The effective date of this Settlement Agreement shall be the date on which it is entered

by the Court.

IT IS SO ORDERED THIS 30TH DAY OF OCTOBER, 2009.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

AGREED TO:

For Plaintiff United States of America:                For Defendant City of Marion:


THOMAS E. PEREZ                                        FRANK FOGELMAN
Assistant Attorney General                             Mayor

BY:
                                                       _____
                                                       City of Marion, Arkansas
_____                        13 Military Road
JOHN M. GADZICHOWSKI (WI Bar No. 1014294)              Marion, AR  72364
Chief



_____                        _____
KAREN D. WOODARD (MD Bar No. Not Issued)               GEOFFREY THOMPSON
Deputy Chief                                           Arkansas Municipal League
TONI MICHELLE JACKSON (DC Bar No. 453765)              301 West Second Street
LESLIE M. GARDNER (CA Bar No. 228693)                  North Little Rock, AR  72114
Senior Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4027
Washington, DC  20530
Telephone: (202) 305-3194
Facsimile:  (202) 514-1005

Note: Signatures appear on agreement filed as an exhibit to joint motion for approval and entry
of settlement agreement filed in *United States v. City of Marion*, No. 3:09CV00073 SWW
(docket entry #16, filed Oct. 27, 2009).